696 So.2d 668 (1997)
In the Interest of L.C.[1]
No. 96 KJ 2511.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*669 Scott M. Perrilloux, District Attorney, Zata W. Ard and Michael B. Forbes, Assistant District Attorneys, Hammond, for Plaintiff/Appellee, State of Louisiana.
Sam J. Dileo, Jr., Lloyd S. Sibley and Robert W. Troyer, Office of Public Defender, Ponchatoula, for Defendant/Appellant, L.C.
Before GONZALES and KUHN, JJ., and CHIASSON,[2] J. Pro Tem.
GONZALES, Judge.
L.C., a child, was alleged to be delinquent by petition based on being a principal to armed robbery, a violation of La. R.S. 14:24 and La. R.S. 14:64. L.C. denied the allegation and, following an adjudication hearing, was adjudged delinquent as alleged. Later, at the disposition hearing, the juvenile court placed L.C. in the custody of the Department of Public Safety and Corrections for three years. L.C. now appeals, designating one assignment of error.

FACTS
The victim, Richard Stanga, was robbed by four black men on March 29, 1996, on South Street in Ponchatoula, Louisiana. The men entered the victim's vehicle as he pulled up to a stop sign. Two of the men held guns to the victim's head and demanded his money. The victim complied, and the men ran away. The victim did not recognize any of the men. L.C. was arrested as a principal to the armed robbery as a result of police investigation and eyewitness identification.

SUFFICIENCY OF THE EVIDENCE
In his sole assignment of error, L.C. contends there was insufficient evidence to support his adjudication of delinquency. He argues the evidence was insufficient to establish his identity as a participant in the crime. He does not dispute that the crime occurred.
In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La. Ch.C. art. 883. A delinquent act is an act committed by a child of 10 years of age or older which, if committed by an adult, is designated as an offense under the statutes or ordinances of this state. La. Ch.C. art. 804(3). The burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. State in Interest of S.T., 95-2187 (La.App. 1st Cir. 6/28/96); 677 So.2d 1071, 1074.
*670 However, in State in Interest of Giangrosso, 385 So.2d 471, 476 (La.App. 1st Cir.1980), affirmed, 395 So.2d 709 (La.1981), this court observed:
In juvenile proceedings, the scope of review of this court extends to both law and fact. Article 5, Section 10, Constitution of 1974; see State in Interest of Batiste, 367 So.2d 784 (La.1979). We must, therefore, decide if the trial judge was clearly wrong in his determination that the defendants were proven guilty beyond a reasonable doubt.
Thereafter, in State in Interest of Giangrosso, 395 So.2d 709, 714 (La.1981), the Supreme Court affirmed this court, concluding that a rational trier of fact could have found, from the evidence adduced at the trial, proof of guilt beyond a reasonable doubt, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State in Interest of Batiste, 367 So.2d 784 (La.1979).
The standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime and the defendant's identity as the perpetrator of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821;[3]State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir. 1984). Where the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Jones, 94-1098 (La.App. 1st Cir. 6/23/95); 658 So.2d 307, 311, writ denied, 95-2280 (La.1/12/96), 666 So.2d 320. Positive identification by only one witness may be sufficient to support the defendant's conviction. State v. Andrews, 94-0842 (La.App. 1st Cir. 5/5/95); 655 So.2d 448, 453.
In State in Interest of Batiste, 367 So.2d at 788, the Supreme Court ruled that the review of juvenile delinquency proceedings extends to both the law and the facts. The Court rejected possible inferences which could be drawn from the child's possession of a bicycle and instead relied upon the unrefuted testimony of witnesses. The Court observed, "From this evidence we conclude that the juvenile court was clearly in error in finding beyond a reasonable doubt that Batiste committed unauthorized use of the bicycle." Batiste, 367 So.2d at 789 (footnote omitted). See also State in Interest of S.T., 677 So.2d at 1074; State in Interest of Racine, 433 So.2d 243 (La.App. 1st Cir.) writ denied, 440 So.2d 151 (La.1983).
The victim testified the crime occurred at approximately 8:30 p.m. on March 29, 1996. He did not recognize any of the perpetrators, and he stated that it was dark at the time of the offense. His description of the perpetrators was limited to "four black guys."
Ponchatoula Police Department Captain J.J. Inman testified three witnesses, Miguel Chester, Jermaine Jackson and Penelope Carter, were located as a result of police investigation of the crime scene. When the police spoke to Chester at the crime scene, he had a "pocket full of .380 ammunition." A.380 caliber pistol was also recovered from the immediate area where Chester was standing.
Miguel Chester testified that, as he turned a corner on his way home from his aunt's house, he saw the perpetrators robbing the victim. While he acknowledged the perpetrators wore masks, he identified Robert Hill and L.C. as perpetrators on the basis of the clothing that they wore. He was familiar with their clothing because he had spoken with them earlier that day.
On cross-examination, the defense suggested that the .380 caliber pistol recovered from the area where Chester was standing belonged to Chester and that he was involved in the crime. However, Chester denied ownership of the weapon and denied any involvement in the crime. He also denied ever having been convicted of a crime or ever having pled guilty to a crime. The defense presented no evidence to challenge any of Chester's contentions.
*671 Jermaine Jackson testified that he remembered that Robert Hill planned the robbery on the day of the crime. He heard L.C.'s name mentioned in discussions about the crime.
Penelope Carter, the third witness identified by the police, did not testify.
L.C. invoked his right to remain silent and did not testify.
L.C.'s cousin, Frederick Grant, testified for the defense as an alibi witness. He was unable to specify the date of the crime, but claimed L.C. could not have been present at the crime. He claimed L.C. was at his (Grant's) house, "[a]lmost all day until the police come (sic) about the crime...." When questioned regarding what time L.C. left his house, Grant responded, "I think it was getting dark, or something like that." He later explained that when he referred to "the police coming," he was actually referring to the police passing through his neighborhood.
However, on cross-examination, Grant admitted that he could not determine the exact day L.C. was at his house, that L.C. was at his (Grant's) house everyday, and that the police "always patrol through [Grant's neighborhood]."
In finding the State had met its burden of proof in the instant matter, the district court found that Chester's testimony sufficiently identified L.C. as a perpetrator of the crime. In contrast, the court felt L.C.'s alibi witness, Grant, "didn't really know too much." The court pointed out that, at best, Grant's testimony provided an alibi for some time before it became dark on the night of the crime. The court made its ruling, "after having heard all the testimony, and considering the veracity of the witnesses who testified and their demeanor in [c]ourt...."
The district court found L.C. delinquent as alleged. It accepted the testimony of the State's witnesses and rejected L.C.'s alibi.
After considering all of the circumstances present in the instant case, we are convinced the evidence presented herein negated any reasonable probability of L.C.'s misidentification and that, viewing all of the evidence in the light most favorable to the State, the State proved beyond a reasonable doubt all of the elements of principal to armed robbery and L.C.'s identity as a perpetrator of the offense. Additionally, after undertaking our State's constitutionally mandated review of the law and facts in a juvenile proceeding, we find no manifest error by the juvenile court in its adjudication of delinquency based on the child's being a principal to armed robbery.
This assignment of error is without merit.

PATENT ERROR
Under the authority of La.C.Cr.P. art. 920(2), this Court routinely examines the record for errors patent, whether or not such a request is made by the defendant. We are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
A review of the instant record for patent error reveals the following. First, the district court did not give the child credit for time served. See La. Ch.C. art. 898(A). Accordingly, we amend the disposition to reflect that the child is to be given credit for any time spent in secure detention prior to execution of his disposition. See La. Ch.C. art. 898(A); State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Imposition of a new disposition is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the disposition to reflect that the child is to be given credit for time served.
Further, we note that, while La. Ch.C. art. 897.1(A) provides for a commitment until age 21 for armed robbery, La. Ch.C. art. 897.1(B) provides for a commitment for armed robbery "for the length of the term imposed by the court at the disposition hearing." We decline to express an opinion herein as to whether or not an armed robbery disposition under article 897.1(B) may be less than commitment until age 21. The instant disposition of three years may be illegally lenient. Additionally, the court did not impose the disposition without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough. See La. *672 Ch.C. art. 897.1. However, this court will not correct the disposition as the above patent errors are in the child's favor and the State has not appealed the illegal disposition. See State v. Fraser, 484 So.2d 122 (La.1986).

DECREE
Accordingly, the child's adjudication is AFFIRMED; the child's disposition, as herein amended, is also AFFIRMED; and this matter is REMANDED FOR AMENDMENT of the commitment and minutes to reflect credit for time served.
NOTES
[1] For purposes of confidentiality, we have recaptioned this case and have referred to the juvenile defendant herein by initials throughout the opinion.
[2] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] In the absence of specific procedures provided by the Louisiana Children's Code, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. See La. Ch.C. art. 803.