704 So.2d 786 (1997)
STATE of Louisiana in the Interest of D.M., A Child Under the Age of Seventeen Years.
No. 97 KJ 0628.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*788 Joseph L. Waitz, Jr., District Attorney, Houma, for State  Appellee.
James L. Alcock, Houma, for Juvenile  Appellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
A petition was filed alleging D.M., a child, to be delinquent based on the commission of sexual battery of a seven-year-old neighbor, a violation of LSA-R.S. 14:43.1 A. The child denied the allegations of the petition and, after an adjudication hearing, was adjudicated a delinquent. At the disposition hearing, the court placed the child on supervised probation for twelve months, with special conditions. The child appealed; but, because this court found the record deficient, we twice remanded this matter to the lower court for reconstruction of the record. See State in the Interest of D.M., 94-1250 (La.App. 1 Cir. 3/3/95), 655 So.2d 806 (unpublished); State in the Interest of D.M., 95-1692 (La.App. 1 Cir. 2/23/96), 670 So.2d 807 (unpublished). After a hearing was held for the purpose of reconstructing the record, the child took the present appeal, urging three assignments of error.

ASSIGNMENTS OF ERROR
1. The evidence was insufficient to prove every element of the crime beyond a reasonable doubt.
2. The trial court erred in ruling that two child witnesses were competent to testify.
3. The holding of an evidentiary hearing for the purpose of clarifying the record was actually a supplementing of the record with additional evidence in violation of existing law and jurisprudence.

FACTS
The petition states that, between September of 1992 and March 5, 1993, D.M., a thirteen-year-old male, sexually touched a seven-year-old male neighbor, G.A.L. The following facts were developed at the adjudication hearing. G.A.L. would go to D.M.'s house and ask to play on D.M.'s trampoline. In exchange for permission to play on the trampoline, D.M. made G.A.L. play hide and seek. The game consisted of G.A.L. going into a shed on the property where D.M. grabbed G.A.L.'s "middle spot" and squeezed it. G.A.L. testified that D.M. made him pull down his pants, but not his underwear, and bend over. D.M. then would grab his buttocks around his "middle spot" and it "hurted."
*789 In our unpublished opinion rendered in D.M.'s first appeal, this court noted that the victim testified D.M. touched his "middle spot" and squeezed it. The prosecutor asked the victim to stand up and point to his "middle spot," and the victim complied. However, the record did not indicate the specific part of his body to which the victim pointed. Further, the record was unclear on another issue. The victim's younger brother, G.L., testified that he saw G.A.L. and D.M. in the shed together doing "[d]irty stuff." However, it is unclear from his testimony whether he saw the genitals of D.M. or the victim. We inferred from comments of the trial judge that he saw G.L. shake his head negatively while verbally answering in the affirmative on at least one occasion during his testimony, but we could not determine from the record to which question and response the court was referring when it made this comment. Accordingly, we remanded the case to the trial court for reconstruction of the record on these two points, citing State v. Duncan, 564 So.2d 316 (La.1990), as authority. See State in the Interest of D.M., 94-1250 (La.App. 1 Cir. 3/3/95), 655 So.2d 806.
Thereafter, the trial court filed a motion for instructions as to the manner in which the record should be reconstructed. We responded that the trial court could ask the attorneys for the parties if they were willing to stipulate to a statement which would clarify the ambiguities in the record. Otherwise, an evidentiary hearing should be held on the matter and, if necessary, such hearing was to be conducted by a judge other than the trial judge.
Defense counsel filed a motion to quash in opposition to an evidentiary hearing scheduled on this matter, arguing that such a hearing would be a violation of the child's rights under both the United States and the Louisiana Constitutions. The state joined in the motion to quash, and the trial court granted it.
Thereafter, the child's appeal was relodged with this court under docket number 95-KJ-1692. This court rendered an opinion which reversed the granting of the motion to quash and remanded this matter for clarification of the record in accordance with our prior instructions. See State in the Interest of D.M., 95-1692 (La.App. 1 Cir. 2/23/96), 670 So.2d 807.
Upon remand, a hearing was held in accordance with this court's order.[1] At the hearing, the judge who presided over the adjudication hearing testified he specifically remembered there being testimony by the victim about his "middle part." He stated that, when asked where it was, the victim "stood up and he gestured toward his genitals." The judge indicated he was unable to recall what question he was referring to when he made the comment about the victim's brother, G.L., verbally answering a question affirmatively while shaking his head negatively. Following this hearing, the present appeal was taken.

SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, D.M. argues the evidence presented by the state was insufficient to support his adjudication because it did not establish every element of the crime of sexual battery.
In a juvenile adjudication proceeding, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. LSA-Ch.C art. 883. The burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. State in the Interest of L.C., 96-2511 (La. App. 1 Cir. 6/20/97), 696 So.2d 668.
On appeal, the standard of review for the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), i.e., whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt, is applicable to delinquency cases. See LSA-C.Cr.P. art. 821. Further, in a juvenile delinquency proceeding, an appellate court is constitutionally mandated to review the law and facts. See LSA-Const. art. 5, § 10(B). Accordingly, an appellate *790 court must review the record to determine if the trial court was clearly wrong in its factual findings. See State in the Interest of L.C., 96-2511, at p. 3, 696 So.2d at 670.
LSA-R.S. 14:43.1 A delineates the elements of sexual battery as follows:
Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
In the present case, defense counsel acknowledges the victim testified that D.M. "grabbed his `butt in the middle spot'" and that this testimony "describes general intent." However, arguing that the testimony of the victim's younger brother, G.L., is so full of inconsistencies and contradictions that it should be totally discounted, defendant notes that the victim's testimony is otherwise unsubstantiated by any other witnesses or objective evidence. Moreover, defendant contends it is unlikely the incidents could have occurred in the shed as described by the victim without being observed by someone. D.M. further argues the evidence was insufficient to prove he touched the victim's anus or genitals as required by LSA-R.S. 14:43.1 A, because the record fails to adequately establish what part of his anatomy G.A.L. meant when he referred to his "middle spot."
Based on our review of the record, we believe the evidence presented was sufficient to establish each of the essential elements of sexual battery beyond a reasonable doubt. Even if this court totally discounted the corroborative testimony of the victim's brother, G.L., as requested by defense counsel in brief, giving this testimony no weight, our conclusion that the evidence was sufficient would remain unchanged. It is undisputed that the victim was under fifteen years of age at the time of the alleged offense and that he was more than three years younger than D.M. Further, the victim testified that in exchange for permission to play on D.M.'s trampoline, D.M. made the victim go into a shed with him, pull down his pants and bend over. D.M. then grabbed the victim's buttocks around his "middle spot" and squeezed.
D.M. argues it was not sufficiently established that the "middle spot" was the victim's anus or genitals because, although the victim pointed out his "middle spot" in court, the record is silent as to what part of his anatomy he pointed. However, we reject this argument because, upon remand for clarification of the record, the trial judge testified that the victim pointed to his genitals when asked to point to his "middle spot." Therefore, as clarified upon remand, the record establishes the victim was referring to his genitals when he testified D.M. grabbed his "middle spot."
D.M. also testified at the adjudication hearing. He denied ever going into the shed with G.A.L. or having any sexual contact with any child. Since these denials conflict directly with the victim's testimony, credibility was a crucial issue in this case. In adjudicating D.M. to be delinquent, the trial court obviously accepted the testimony of the victim and rejected that of D.M. The testimony of the victim alone is sufficient to prove the elements of the offense. State v. Lofton, 96-1429 (La.App. 1 Cir. 3/27/97), 691 So.2d 1365. Furthermore, although D.M. contends the state's evidence was deficient in that it failed to establish G.A.L. ever removed his underwear, sexual battery can be committed by touching through clothing. Skin on skin contact is not necessary for a sexual battery. State v. Bouton, 615 So.2d 23 (La.App. 3 Cir.1993). See also State v. Ledet, 96-0142 (La.App. 1 Cir. 11/8/96), 694 So.2d 336, writ denied, 96-3029 (La.9/19/97), 701 So.2d 163.
After considering all of the circumstances present in the instant case, we are *791 convinced that, viewing all of the evidence in the light most favorable to the state, the state proved beyond a reasonable doubt all of the elements of sexual battery.[2] Additionally, after undertaking our state's constitutionally mandated review of the law and facts in a juvenile proceeding, we find no clear or manifest error by the trial court in its adjudication of delinquency based on the commission of sexual battery.
This assignment of error is without merit.

COMPETENCY OF CHILD WITNESSES
In his second assignment of error, D.M. argues the court erred in finding G.A.L. competent to testify over his objection. He complains that the competency examination was cursory and no attempt was made to explore G.A.L.'s general understanding as it related to his ability to answer questions accurately. He further contends that G.A.L. displayed "some inability to verbalize time concepts adequately."
Every person of proper understanding is competent to be a witness except as otherwise provided by legislation. LSA-C.Evid. art. 601. Understanding, and not age, is the test of whether a person shall be sworn as a witness. The determination by the trial court that a child is competent to testify as a witness is based not only upon the child's answers to questions testing his understanding, but also upon the child's overall demeanor on the witness stand. State v. Linson, 94-0061 (La.App. 1 Cir. 4/7/95), 654 So.2d 440, writ denied, 95-1120 (La.9/22/95), 660 So.2d 470. The determination as to whether a child has sufficient understanding to testify is entitled to great weight because the trial court has the advantage of seeing and hearing the witness. Therefore, the trial court is vested with wide discretion in determining the competency of child witnesses; and, on appeal, its ruling is entitled to great weight and will not be disturbed in the absence of manifest error. Linson, 94-0061, at pp. 6-7, 654 So.2d at 444.
In the present case, the record reveals G.A.L. was seven years old when the offense occurred and eight at the time of the adjudication hearing. During the competency examination, he was able to state his full name, age, birthday, street address, school and grade. He indicated he had been taught the difference between right and wrong by his parents. When asked what happened when you did something bad or wrong, he replied, "You ain't doing it right." He further indicated he knew what it meant to tell a lie and to tell the truth, and knew everyone wanted him to tell the truth in court. He stated that people who do not tell the truth in court "go to jail."
When cross-examined by defense counsel, G.A.L. was unable to state the date or month. He also could not state how long it had been since Christmas, the last hurricane, or the start of school. However, in rejecting the contention that G.A.L. was incompetent, the trial court stated:
[H]is [G.A.L.'s] concept of time, first of all, is an abstract concept that is late in developing. Children are a lot more concrete-minded at his age. So this stuff about when one starts school, hurricane, etc.  I'm satisfied that he knows that he can go to jail if he doesn't tell the truth. And he's here to tell what happened. So subject to any objection, I'm going to allow him to testify.
Under these circumstances, we find no error in the trial court's ruling that G.A.L. was competent to testify.
Defense counsel also challenges the trial court's determination that G.L., the victim's six-year-old brother, was competent to testify. When questioned as to his competency, G.L. indicated he did not know what happened if you told a lie, did not know why he was in court and did not know what the *792 words "right" and "wrong" meant. However, he also testified it was good to tell the truth, bad to tell a lie, and that he would tell the truth when questioned. He also knew his age, birthday, grade (kindergarten), and the respective ages of his brother and sister.
In finding G.L. competent to testify, the trial court noted it would accept him as a competent six-year-old who could "testify to concrete things." Considering the entirety of G.L.'s responses in light of the trial court's wide discretion in determining competency of child witnesses, we find no error in the trial court's ruling.
This assignment of error lacks merit.

REMAND FOR CLARIFICATION OF RECORD
In his third assignment of error, D.M. argues it was error for this court to order a remand to clarify ambiguities in the record. He argues the evidentiary hearing held upon remand for the purpose of clarifying the record constituted the taking of additional evidence in violation of his constitutional rights, as well as LSA-C.Crim.P. art. 591[3] (Double Jeopardy) and LSA-C.Crim.P. art. 778.[4] Citing State v. Collier, 438 So.2d 652 (La.App. 2 Cir.1983), he contends this court should have decided the appeal on the record before it rather than remanding this matter for clarification. In Collier, the Second Circuit held the trial court erred in allowing the state to reopen its case in a bench trial to prove an essential element of the charged offense after the defendant moved for a judgment of acquittal. Collier, 438 So.2d at 655. Additionally, he argues State v. Duncan, the case relied upon by this court as authority for the remand, is distinguishable because, in Duncan, the defendant requested supplementation of the record.
We note these same arguments were previously raised by defense counsel and rejected by this court in the appeal taken after the trial court granted D.M.'s motion to quash. See State in the Interest of D.M., 95-1692 (La.App. 1 Cir. 2/23/96), 670 So.2d 807. For the same reasons stated in that matter, we adhere to our conclusion that these arguments lack merit.
This court did not order a remand for the purpose of holding a reopened evidentiary hearing in which new or additional evidence would be presented. Such a procedure would violate D.M.'s rights and LSA-C.Crim.P. art. 591. Instead, we ordered that a record be established to clarify a gesture made as an accompaniment to the victim's testimony. This gesture was not evident in the printed record because neither the court nor counsel noted for the record the substance of the gesture.[5] Nevertheless, the trial court saw the gesture. Thus, it was already in evidence in the record, and did not constitute new or additional evidence. Therefore, the trial judge's testimony upon remand that G.A.L. gestured toward his genitals when asked to point to his "middle spot" was merely a clarification of evidence already presented by the state, rather than new evidence. See State v. Duncan, 564 So.2d at 316. In this respect, the present matter is distinguishable from Collier, the case relied upon by defense counsel, since in that case, *793 the state actually introduced new evidence not previously in the record.
This assignment of error is without merit.

PATENT ERROR
In reviewing the record for patent error, we have found that the court failed to credit D.M. with time spent in secure detention, if any, prior to the imposition of disposition, as required by LSA-Ch.Code art. 898 A. Therefore, we amend the disposition to reflect that D.M. is to be given credit for any time served prior to imposition of the disposition. We remand the case and order the trial court to amend the judgment of disposition and the appropriate minute entry to reflect that D.M. is to be given credit for time served, if any.
ADJUDICATION AND DISPOSITION AFFIRMED, AS AMENDED; REMANDED WITH ORDER.
NOTES
[1] This evidentiary hearing was presided over by a different trial judge.
[2] Defense counsel also argued on appeal that the record is void of evidence to prove the essential element that G.A.L. was not the spouse of D.M. See LSA-R.S. 14:43.1 A. To the contrary, we conclude the circumstances in this case clearly establish this element beyond a reasonable doubt since D.M. and the victim are both of the same sex. In Louisiana, marriage is defined by law as a legal relationship between a man and a woman. LSA-C.C. art. 86. LSA-C.C. art. 89 provides that "[p]ersons of the same sex may not contract marriage with each other." Furthermore, the victim was only seven years old at the time of the offense.
[3] LSA-C.Crim.P. art. 591 provides as follows:

No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
[4] LSA-C.Crim.P. art. 778 provides as follows:

In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
[5] This matter was also originally remanded for clarification of a second point, i.e., which question the court was referring to when it commented that G.L. verbally answered a question affirmatively while shaking his head negatively. However, the trial court was unable to clarify this point upon remand; it could not recall the specific question to which the comment was directed.