STATE OF LOUISIANA IN THE INTEREST OF K.J.C.
No. 2009 KJ 0658
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
HILLAR C. MOORE, III., District Attorney, GAIL D. ADKINS, DYLAN C. ALGE, Counsel for Plaintiff/Appellee State of Louisiana, Office of District Attorney.
JOSEPH K. SCOTT, III., Counsel for Defendant/Appellant K. J. C.
Before: DOWNING, GAIDRY AND McCLENDON, JJ.
DOWNING, J.
K.J.C., a child, was alleged to be delinquent by petition #94385 based on one count of simple criminal damage to property (damage between $500 and $49,999.99) (count I), a violation of La. R.S. 14:56; and one count of simple burglary of an inhabited dwelling (count II), a violation of La. R.S. 14:62.2 (R. 20). He denied the allegations and, following the presentation of the State's case at an adjudication hearing, moved for judgment of acquittal on counts I and II. (R. 4, 12, 223). The juvenile court granted judgment of acquittal in part on count I, finding the State had not proven that the damage was over $500, but denied judgment of acquittal on count II. (R. 12, 229). Following the completion of the adjudication hearing, K.J.C. was adjudged delinquent on count I (damage less than $500), and delinquent as alleged on count II. (R. 12-13, 255). Following a disposition hearing, on count I, the court placed the child in the custody of the Department of Public Safety and Corrections for six months; on count II, the court placed the child in the custody of the Department of Public Safety and Corrections for one year to run concurrently with the disposition imposed under count I, but consecutively with the dispositions imposed under petition #94342[1] (R. 12-13, 262). The child now appeals, challenging the sufficiency of the evidence to support the adjudication of delinquency on count II. (Defense brief, p. 5). For the following reasons, we affirm the adjudication of delinquency and disposition on counts I and II.

FACTS
The offenses occurred on two sides of a duplex which shared a common wall on Holt Drive in Baton Rouge. (R. 158). On November 5 and 6, 2008, one side of the duplex, 829 Holt Drive, was vacant. (R. 159, 181-82). On November 5 and 6, 2008, the other side of the duplex, 827 Holt Drive was inhabited by Marco Deleon, Pedro Hernandez, and four other men. (R. 152, 203). The men were employed in a roofing and carpentry business owned by Marco's cousin, Jose Deleon, who lived across the street. (R. 152-53, 203). Jose also stored his tools at 827 Holt Drive. (R. 153).
On November 5, 2008, at approximately 7:00 a.m., the inhabitants of 827 Holt Drive went to work with Jose. (R. 154, 185). When they returned, they noticed that a hole had been kicked through the wall from 829 Holt Drive to 827 Holt Drive. (R. 188). Through the hole, Pedro saw two people breaking windows and doors in 829 Holt Drive. (R. 188-89). He also saw a yellow motorcycle which had been driven through the wall into 829 Holt Drive. (R. 186). Thereafter, Pedro saw the two people in the backyard of 829 Holt Drive. (R. 189). They tried to talk to him, but he did not speak English.[2] (R. 189). He identified the child in court as one of the two people he had seen inside of 829 Holt Drive. (R. 190-91, 195). He indicated he was familiar with the child because he lived in the neighborhood, and the child and the other person who had damaged 829 Holt Drive had previously tried to sell him cell phones and drugs. (R. 195). Pedro covered the hole with paneling. (R. 186, 191).
Marco indicated he looked through the hole between 829 Holt Drive and 827 Holt Drive at approximately 10:00 p.m. (R. 208). He saw the child, another person, a broken closet, and a motorcycle in 829 Holt Drive. (R. 208-09). The child and the other person were breaking windows. (R. 209).
On November 6, 2008, the inhabitants of 827 Holt Drive went to work with Jose as usual, but at approximately 2:00 p.m., Marco and Pedro returned to 827 Holt Drive to pick up a trailer. (R. 155, 187, 204). Pedro indicated he heard noises inside 827 Holt Drive, but did not enter the house because he was afraid the intruders had weapons. (R. 191-92). He did not call the police because he did not speak English. (R. 192). Marco indicated he heard human voices and noises like things being thrown around inside 827 Holt Drive, but did not enter because he was afraid. (R. 205, 207). Pedro and Marco went back to work with the trailer. (R. 191-92, 207). When Pedro came back after work, 827 Holt Drive "looked like a garbage dump." (R. 192). Pedro's computer, his computer router, his watch, and an air compressor were missing. (R. 192-93, 209). Marco's car stereo, his "boom box," and a roofing gun were also missing. (R. 204). Pedro saw the yellow motorcycle he had seen the day before, lying across the street from the duplex. (R. 194). Marco indicated he never gave anyone, other than the inhabitants of 827 Holt Drive, permission to enter 827 Holt Drive or remove any of its contents. (R. 210).
Baton Rouge City Police Corporal Phillip Brownleader investigated the burglary of 827 Holt Drive and claims that the child and "Craig" had committed the offense. (R. 118, 120, 127). Corporal Brownleader went to the child's residence, advised him of his rights and, in the presence of someone he believed was the child's aunt, questioned him concerning the offense. (R. 128). The child stated he was with Craig, but Craig "did the damage" and "was in the house." (R. 145).
At the adjudication hearing, the child denied "robbing" 827 Holt Drive.[3] (R. 230). He indicated he lived only two minutes from the house. (R. 234). He claimed that at approximately 2:00 p.m. on the day of the burglary, "Brandon" told him that he (Brandon) had robbed the house. (R. 230-32). He conceded he had given Craig's name to Officer Brownleader on November 6, 2008, but claimed he only told the officer that Craig tapped on the window in the back yard. (R. 231-32). He claimed he had seen Craig running on Goodwood Boulevard at approximately 1:00 p.m. on the day of the burglary. (R. 235, 237).
Damages to 829 Holt Drive included broken windows, kicked-in walls, and holes in the walls from being struck by the closet rail. (R. 178). Additionally, a hole was kicked through the wall from 829 Holt Drive into the master bedroom of 827 Holt Drive. (R. 159-60, 177). An insurance company subsequently paid $6,900 for the damages to 829 Holt Drive. (R. 180).

SUFFICIENCY OF THE EVIDENCE
In assignment of error number 1, the child argues the juvenile court erred in denying the motion for acquittal due to the dearth of evidence regarding the identity of the perpetrator of count II and an absolute absence of proof regarding his intent at the time of the offense. (Defense brief, pp. 7-9). In assignment of error number 2, he argues the evidence was insufficient to support the adjudication on count II due to the absence of physical evidence, positive identification, clear confession, or co-defendant identification. (Defense brief, pp. 9-10). He does not challenge the adjudication of delinquency on count I.
When the State charges a child with a delinquent act, it has the burden of proving each element of the offense beyond a reasonable doubt. La. Ch. Code art. 883. On appeal, the applicable standard of review is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. This standard of review applies to juvenile proceedings in which a child is adjudicated a delinquent. However, in juvenile proceedings, the scope of review of this court extends to both law and facts. La. Const, art. V, § 10(B); State in the Interest of D.F., XXXX-XXXX, pp. 4-5 (La. App. 1st Cir. 6/6/08), 991 So.2d 1082, 1084-85, writ denied, XXXX-XXXX (La. 3/27/09), 5 So.3d 138.
The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in La. Code Crim. P. art. 821[4] is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. State in the Interest of D.F., XXXX-XXXX at p. 5, 991 So.2d at 1085. The testimony of the victim alone is sufficient to prove the elements of the offense. State in the Interest of D.M., 97-0628, p. 6 (La. App. 1st Cir. 11/7/97), 704 So.2d 786, 790. When the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. State in the Interest of L.C., 96-2511, p. 3 (La. App. 1st Cir. 6/20/97), 696 So.2d 668, 670. Once the crime itself has been established, a confession alone may be used to identify the accused as the perpetrator. State in the Interest of D.F., XXXX-XXXX at p. 6, 991 So.2d at 1085.
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La. R.S. 14:24. However, the defendant's mere presence at the scene is not enough to "concern" him in the crime. Only those persons who knowingly participate in the planning or execution of a crime may be said to be "concerned" in its commission, thus making them liable as principals. A principal may be connected only to those crimes for which he has the requisite mental state. State in the Interest of D.F., XXXX-XXXX at p. 5, 991 So.2d at 1085. However, "[i]t is sufficient encouragement that the accomplice is standing by at the scene of the crime ready to give some aid if needed, although in such a case it is necessary that the principal actually be aware of the accomplice's intention." State v. Anderson, 97-1301, p. 3 (La. 2/6/98), 707 So.2d 1223, 1225 (per curiam).
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in La. R.S. 14:60. La. R.S. 14:62.2.
At the adjudication hearing, in regard to count II, the juvenile court found that 827 Holt Drive was an inhabited dwelling, an unauthorized entry was made into the dwelling, and items were taken. (R. 254). The court stated that the identity of the perpetrator was at issue. (R. 254). The court noted that the evidence established beyond a reasonable doubt that on the day before the burglary of 827 Holt Drive, K.J.C. took part in the damaging of 829 Holt Drive, including kicking a hole from that side of the duplex into 827 Holt Drive. (R. 254-55). The court noted that on the day of the burglary, K.J.C. stated Craig committed the crime, but he now claimed that Brandon committed the crime. (R. 255). The court found it was hard to imagine why, if Brandon was actually the perpetrator, K.J.C. would not have provided his name, rather than Craig's name, to the police. (R. 255). The court also found that some of the evidence seemed to place K.J.C. in the unit on the day of the burglary. (R. 255). The court concluded that the State had excluded any reasonable hypothesis of innocence, and the evidence supported beyond a reasonable doubt that K.J.C. was one of the two young people who burglarized the residence at 827 Holt Drive. (R. 255).
Any rational trier of fact, viewing the evidence concerning count II in the light most favorable to the State, could have found, proven beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, the essential elements of simple burglary of an inhabited dwelling and K.J.C's identity as a perpetrator of that offense. Additionally, after undertaking our state's constitutionally mandated review of the law and facts in a juvenile proceeding, we find no manifest error by the juvenile court in its adjudication of delinquency based on K.J.C's committing simple burglary of an inhabited dwelling. Testimony from Pedro and Marco established that 827 Holt Drive was inhabited at the time of the offense, and that the entry made into the home by kicking a hole in the wall from the empty side of the duplex where K.J.C. was seen committing count I the previous day, was unauthorized. Further, the fact that Marco heard "voices" inside the home during the burglary established unauthorized entry by more than one perpetrator. The intent of the perpetrators to commit a theft was established by the fact that the home was left in disarray and several valuable items were missing. See State v. Tran, 97-640, p. 12 (La. App. 5th Cir. 3/11/98), 709 So.2d 311, 317. K.J.C.'s identity as a perpetrator of the offense was established by his statement to Corporal Brownleader which implicated K.J.C, as well as Craig, at least as a principal to the burglary. See State v. Rogers, 428 So.2d 932, 934 (La. App. 1st Cir. 1983) ("[I]t is not necessary in a burglary prosecution to prove that one charged as a principal made an unauthorized entry. It is sufficient to show that he aided and abetted one who entered unauthorized."). (Citations omitted).
These assignments of error are without merit.

DECREE
For the above mentioned reasons, we affirm the adjudication of delinquency and disposition on count I and count II.
ADJUDICATION OF DELINQUENCY AND DISPOSITION ON COUNT I AND COUNT II AFFIRMED.
GAIDRY, J., dissenting and assigning reasons.
I must respectfully dissent because I do not believe that the State carried its burden of proving K.J.C.'s identity as the perpetrator. A review of the record does not place K.J.C. in the side of the duplex that was burglarized, nor does the testimony as to his statement amount to an admission of guilt.
NOTES
[1] The child separately appeals from his adjudications of delinquency under petition #94342. See Stale in the interest of K.C. XXXX-XXXX (La. App. 1st Cir. __/__/09). ___ So.3d ___
[2] Pedro testified at trial through a Spanish-language interpreter. (R. 185).
[3] Defense counsel confused the addresses for 827 and 829 Holt Drive. (R. 230). He, however, questioned the child concerning whether or not he had "robbed" the house where "all the Mexican guys lived[.|" (R. 230).
[4] Pursuant to La. Ch. Code art. 104, "[w]here procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with ... [t]he Code of Criminal Procedure in a delinquency proceeding ..."