Judge Regina Bartholomew Woods
| í This is a juvenile delinquency case. The juvenile, K.L., appeals his delinquency adjudication for possession of marijuana.[1] For the following reasons, we affirm.
FACTUAL BACKGROUND
At approximately 3:20 p.m. on December 5, 2014, Mr. Tyrell Gaddies, a behavior mentor and math teacher at Crescent Leadership Academy in New Orleans, Louisiana, was assigned to bus detail, which involved supervising students as they boarded the school bus. During bus detail that day, Mr. Gaddies observed an apparent hand-to-hand transaction between K.L. and another student who was known to have issues with marijuana. Mr. Gaddies testified that he knew K.L. because he was his behavior mentor. For these reasons, Mr. Gaddies boarded the bus and asked K.L. to remove what he had placed into his pocket. KL. removed only his left hand from his pocket. Mr. Gaddies then asked KL. to remove his right hand from his pocket. KL. produced an empty right hand. Mr. |2Gaddies further testified that he asked K.L. to empty both pockets. K.L., however, emptied only his left pocket. Mr. Gaddies then reached into KL.’s right pocket and retrieved a plastic bag that contained marijuana. After he retrieved the marijuana, Mr. Gaddies notified the New Orleans Police Department (“NOPD”); NOPD School Resource Officer Abram Pedesclaux responded. Officer Pedesclaux testified that he was given custody of the bag of marijuana. He prepared a police report and placed the marijuana into Central Evidence and Property. He identified the marijuana at the adjudication hearing.
*630 PROCEDURAL BACKGROUND
On May 10, 2016, K.L. was charged by delinquency petition with possession of marijuana in violation of La. R.S. 40:966(E)(1). On May 24, 2016, K.L. appeared in juvenile court for arraignment and pled not guilty.
On June 7, 2016, K.L. filed a motion to suppress evidence. At K.L.’s request, the suppression hearing was conducted in conjunction with the adjudication hearing, which was held on September 20, 2016. Ultimately, the juvenile court denied KL.’s motion to suppress and adjudicated K.L. delinquent of possession of marijuana in violation of La. R.S. 40:966(E)(1). On that same date, the juvenile court committed K.L. to secure care custody for six months, but suspended the execution of the sentence and placed K.L. on active probation for eighteen months. It is from this adjudication of delinquency that KL. appeals.
DISCUSSION
Recently, this court adopted a practice of conducting an error patent review in juvenile delinquency cases. State in Interest of W.B., 16-0642, p. 4 (La. App. 4 Cir. 12/7/16), 206 So.3d 974, 978; See State in the Interest of S.J., 13-1026, p. 4 (La.App. 4 Cir. 11/6/13), 129 So.3d 676, 679 (citing State in the Interest of A.H., 10-1673, p. 9 (La.App. 4 Cir. 4/20/11), 66 So.3d 679, 685). A review of the record in this case revealed no errors patent.
Although defense counsel did not designate it as an assignment of error, counsel raised sufficiency of the evidence in her brief. In a juvenile adjudication proceeding, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La. Ch.C art. 883; State in the Interest of D.M., 97-0628, p. 4 (La.App. 1 Cir. 11/07/97), 704 So.2d 786, 789. On appeal, the standard of review for the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt; this standard is applicable to delinquency cases. La. C.Cr.P. art. 821. Interest of D.M., 97-0628 at p. 5, 704 So.2d at 789. Further, in a juvenile delinquency proceeding, an appellate court is constitutionally mandated to review the law and facts. La. Const. art. 5, § 10(B). Accordingly, an appellate court must review the record to determine if the trial court was clearly wrong in its factual findings. State in the Interest of L.C., 96-2511, p. 3 (La.App. 1 Cir. 6/20/97), 696 So.2d 668, 670; Interest of D.M., 97-0628 at p. 4, 704 So.2d at 789-90. Here, because the sufficiency of the evidence depends on the validity of the school official’s search of the student, we will address these issues together.
|4K.L.’s sole assignment of error is whether the juvenile court erred in denying his motion to suppress. The trial court is vested with great discretion when ruling on a motion to suppress. State v. Williams, 95-1971, p. 8 (La.App. 4 Cir. 11/16/95), 665 So.2d 112, 116 (citing State v. Scull, 93-2360, p. 9 (La. App. 4 Cir. 6/30/94), 639 So.2d 1239, 1245).
This case involves a school official’s search of a student. The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const, amend. IV.[2] The basic purpose of this Amendment, *631 as recognized in countless decisions of the Supreme Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. New Jersey v. T.L.O., 469 U.S. 325, 335, 105 S.Ct. 733, 739, 83 L.Ed.2d 720 (1985). The Supreme Court “has never limited the Amendment’s prohibition on unreasonable searches and seizures to operations conducted by the police. Rather, the [Supreme] Court has long spoken of the Fourth Amendment’s strictures as restraints imposed upon ‘governmental action’—that is, ‘upon the activities of sovereign authority.’” Id. (citing Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921)). Accordingly, the Fourth Amendment is applicable to the activities of civil as well as criminal authorities. T.L.O., 469 U.S. at 335, 105 S.Ct. at 739 (1985). Because school officials act in furtherance of publicly mandated educational and disciplinary policies, school officials act as representatives of the state in carrying out searches and other disciplinary functions pursuant to such policies. Id., 469 U.S. at 336, 105 S.Ct. at 740. Therefore, the Fourth Amendment’s prohibition on unreasonable searches and seizures applies to searches conducted by school officials.
The Fourth Amendment requires that searches and seizures be reasonable. The determination of the standard of reasonableness of a search requires “balancing the need to search against the invasion which the search entails.” Id., 469 U.S. at 337, 105 S.Ct. at 740 (citing Camara v. Municipal Court, 387 U.S. 523, 536-37, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930 (1967)). We must balance the “individual’s legitimate expectations of privacy and personal security” against the “government’s need for effective methods to deal with breaches of public order.” Id. To receive the protection guaranteed by the Fourth Amendment, the expectation of privacy must be one that society is “prepared to recognize as legitimate.” Id., 469 U.S. at 338, 105 S.Ct. at 741 (citing Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).
The Supreme Court has balanced school children’s legitimate expectation of privacy with the school’s equally legitimate need to maintain an environment conducive to learning by removing the warrant requirement and allowing the search of a student based on reasonableness under all the circumstances. The reasonableness standard is intended to ensure that the interests of students will be | (¡invaded no more than is necessary to achieve the legitimate end of preserving order in the schools. T.L.O., 469 U.S. at 343, 105 S.Ct. at 743.
The determination of reasonableness is a twofold inquiry: first, whether the search was justified at its inception; second, whether the search as actually conducted was reasonably related in scope to the circumstances which justified the interference in the first place. Id. at 341, 105 S.Ct. 733, 739 (citing Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)).
A search is “justified at its inception” when there are reasonable grounds for suspecting that the search will yield evidence that the student has violated, or is violating, either the law or the rules of the school. T.L.O., 469 U.S. at 342, 105 S.Ct. at 743.
In New Jersey v. T.L.O., 469 U.S. at 328, 105 S.Ct. at 735, a student was caught smoking in the bathroom, which was a *632 violation of the school rules. When questioned by a school official, the student denied that she had been smoking and further denied that she smoked at all. The school administrator demanded to search the student’s purse. Pursuant to the search, the school official discovered cigarettes, a package of cigarette rolling papers associated with marijuana usage, marijuana, a pipe, plastic bags, a fairly substantial amount of money, a list of students who owed that student money, and two letters that implicated the student in marijuana dealing. The Supreme Court found that the school official’s search of the student was reasonable because the student had been accused of smoking and adamantly denied the accusation and the student’s possession of cigarettes corroborated the accusations. Id., 469 U.S. at 345, 105 S.Ct. at 744.
|7In State in the Interest of R.W., 2013-0076, p. 1 (La.App. 4 Cir. 5/23/13) (unpub.) 2013 WL 6924973, a school official noticed a student, R.W., associating with another student who was smoking. Id. The school official observed R.W. hand something that he assumed to be a cigarette to the other student, who was smoking shortly thereafter. Id. The court held that it was reasonable for the school official to search R.W. because the school official observed R.W. associate with, and hand what he assumed to be a cigarette to, another student who was observed smoking Id.
Here, Mr. Gaddies observed K.L. receive something from a student known to have issues with marijuana. Further, K.L. was evasive when asked to empty his pockets. Therefore, Mr. Gaddies’ search of K.L. was reasonable under all circumstances. Because we find that Mr. Gaddies’ search of K.L. was reasonable, the marijuana found pursuant to the search was legally seized and usable as evidence against K.L. during his delinquency proceeding.
In her brief, defense counsel argues that school officials are prohibited from searching a student absent individualized, reasonable suspicion and that Mr. Gaddies’ search of K.L. was a random search. Defense counsel states the test set forth by the United States Supreme Court in Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) “is the only one that deserves significant attention.” In Vemonia, the Supreme Court held that a public school district’s policy of randomly drug testing student athletes did not violate the student’s federal or state constitutional right to be free from unreasonable searches. Id., 515 U.S. at 664-65, 115 S.Ct. at 2396. The Supreme Court concluded that the ^school’s policy was reasonable and constitutional because of the relative unobtrusiveness of the search and the severity of the need met by the search. Id. Defense counsel’s reliance on this case is misplaced because K.L. was not subjected to random urinalysis. Instead, Mr. Gaddies had an individualized, reasonable suspicion to search K.L. because Mr. Gaddies was familiar with K.L. and observed an apparent hand-to-hand-transaction between K.L. and another student who Mr. Gaddies knew had issues with marijuana. Further, KL.’s evasiveness when Mr. Gaddies asked him to empty his pockets also prompted the search.
In her brief, defense counsel asserts that La. R.S. 17:416.3(A)(2)(a)-(b) establishes the parameters of school officials’ search of students.[3] Defense counsel ar *633 gues that pursuant to this statute, Mr. Gaddies’ search of K.L. is prohibited. Defense counsel’s argument is misdirected because this statute reflects the standards set forth in T.L.O, supra; therefore, pursuant to both La. R.S. 17:416.3(A)(2)(a)-(b) and T.L.O., supra, Mr. Gaddies’ search of K.L. was reasonable and proper.
A search conducted by a school official is permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not | exceedingly intrusive in light of the age and sex of the student and the nature of the infraction. T.L.O., 469 U.S. at 326, 105 S.Ct. at 735.
In T.L.O., 469 U.S. at 325, 105 S.Ct. at 734, a teacher reported that a student, T.L.O., was smoking in the bathroom, which gave the school official reason to suspect that if T.L.O. was carrying cigarettes they would likely be in her purse. Id. at 345-46, 745, 105 S.Ct. 733, 739. The Supreme Court held that it was not unreasonable for the school official to search T.L.O.’s purse for cigarettes. Id.
In Interest of B.W., supra, a school official caught a group of students smoking in the bathroom and saw a student, R.W., hand what he suspected to be a cigarette to another student. R.W. denied having cigarettes or lighters. Because the school official smelled smoke on R.W.’s person, he requested that R.W. empty the contents of his schoolbag. After R.W. had emptied the contents of his bag, the school official noticed a small zipper on the outside of the bag that R.W. had not opened. The school official requested that R.W. empty that compartment. Four small bags of crack cocaine were discovered in that compartment. This court held that the search was reasonable at its inception and was not improper in scope or the manner preformed. Id.
Here, scope is not at issue. Mr. Gaddies observed what he believed to be a hand-to-hand transaction between K.L. and another student known to have issues with marijuana. Further, K.L. was evasive when asked to empty his pockets. Mr. Gaddies searched only the pocket that K.L. refused to empty and discovered marijuana. Therefore, the search was reasonable and proper in scope and in the manner performed.
DECREE
1 mFor the aforementioned reasons, we affirm KL.’s adjudication of delinquency.
AFFIRMED
JENKINS, J., CONCURS IN THE RESULT
JENKINS, J., CONCURS IN THE RESULT
hi respectfully concur in the result. Upon review of the record and in light of the applicable standard set forth in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), I cannot say that the trial court erred in denying KL.’s motion to suppress.

. Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in La. Ch.C. art. 412, the juvenile, who was fourteen at the time of the charged offense, is referred to by his initials, K.L.

. The Fourth Amendment of the United States Constitution states:
The right of the people to be secure in their persons, houses, papers, and effects, *631 against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

. La. R.S. 17: (A)(2)(a)-(b) states:
The teacher, principal, school security guard, or administrator may search the person of a student or his personal effects when, based on the attendant circumstances at the time of the search, there are *633 reasonable grounds to suspect that the search will reveal evidence that the student has violated the law, a school rule, or a school board policy. Such a search shall be conducted in a manner that is reasonably related to the purpose of the search and not excessively intrusive in light of the age or sex of the student and the nature of the suspected offense.