When questioned at the hearing, L.P. testified that, upon viewing the footage, he asked H.J. whether that was him on the footage and implored H.J. to be truthful.
DISCUSSION
This Court has adopted a practice of conducting an errors patent review in juvenile delinquency cases. State in Interest of W.B. , 2016-0642, p. 4 (La. App. 4 Cir. 12/7/16), 206 So.3d 974, 978 ; See State in the Interest of S.J. , 2013-1025, p. 4 (La. App. 4 Cir. 11/6/13), 129 So.3d 676, 679 (citing State in the Interest of A.H. , 2010-1673, p. 9 (La. App. 4 Cir. 4/20/11), 65 So.3d 679, 685 ). A review of the record in this case revealed one error patent, which H.J. raised as his third assignment of error, below.
In his appellate brief, H.J. assigns the following errors:
1. Whether the evidence presented at the adjudication hearing was sufficient to prove beyond a reasonable doubt the identity of H.J. as the perpetrator of the simple burglary of Hurme's vehicle.
2. Whether the juvenile court erred in denying defense counsel's motion to dismiss for failure to timely adjudicate[9] H.J.
3. Whether the juvenile court erred in failing to advise H.J. of the two (2) year prescriptive period for filing an application for post-conviction relief.
Assignment of Error Number One
In her appellate brief, defense counsel argued that the evidence presented at the adjudication hearing was insufficient to prove beyond a reasonable doubt the identity of H.J. as one of the two perpetrators of the simple burglary of Hurme's vehicle. This Court has set out the applicable standard of review:
In a juvenile adjudication proceeding, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La. Ch.C. art. 883 ; State in the Interest of D.M. , 97-0628, p. 4 (La. App. 1 Cir. 11/07/97), 704 So.2d 786, 789. On appeal, the standard of review for the sufficiency of evidence, enunciated in Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt; this standard is applicable to delinquency cases. La. C.Cr.P. art. 821. Interest of D.M ., 97-0628 at p. 5, 704 So.2d at 789. Further, in a juvenile delinquency proceeding, an appellate court is constitutionally mandated to review the law and facts. La. Const. art. 5, § 10 (B). Accordingly, an appellate court must review the record to determine if the trial court was clearly wrong in its factual findings. State in the Interest of L.C. , 96-2511, p. 3 (La. App. 1 Cir. 6/20/97), 696 So.2d 668, 670 ; Interest of D.M. , 97-0628 at p. 4, 704 So.2d at 789-90.
State in Interest of K.L. , 2016-1151, p. 3 (La. App. 4 Cir. 4/10/17), 217 So.3d 628, 630. Here, because the sufficiency of the evidence relies on the identity of H.J. as the perpetrator, we will address these issues simultaneously.
H.J. has been adjudicated delinquent of simple burglary, a violation of *591 La. R.S. 14:62. Simple burglary, as contemplated by La. R.S. 14:62, is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein. Defense counsel argued that there is no eyewitness to the simple burglary of Hurme's vehicle. Rather, the State's case hinges on an officer's identification of H.J. from video footage.
The Louisiana Supreme Court, in State v. Neal , opined that
[A]s a general matter, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Smith, 430 So.2d 31, 45 (La. 1983) ; State v. Brady, 414 So.2d 364, 365 (La. 1982) ; State v. Long, 408 So.2d 1221, 1227 (La. 1982). However, positive identification by only one witness is sufficient to support a conviction. See State v. Mussall, 523 So.2d 1305, 1311 (La. 1988).
2000-0674, p. 11 (La. 6/29/01), 796 So.2d 649, 658.
Similar to the present case, in State v. Paul , an NOPD officer " 'immediately' recognized the defendant by name as the robber depicted in the photo made from the surveillance video" and "also viewed the surveillance video and had no doubt that the robber depicted therein was the defendant." State v. Paul , 2011-0252, p. 5 (La. App. 4 Cir. 4/18/12), 90 So.3d 1191, 1195.
In adjudicating H.J. delinquent, the juvenile court reasoned that "based on the officer's identification in that he made it in such a short period of time when he saw him ... the officer's memory was much more clear ... it seemed that it was less than 24 hours that he made the stop, saw them, got their identifications and then happened to watch this video." The juvenile court contemplated that neither Det. Davis nor L.P. was dishonest in their testimony, but H.J.'s adjudication of delinquency was based on Det. Davis' "identification in that close period of time and just his description ... a young man that is fairly tall and slender build, similar to what we saw on the video." The Louisiana Supreme Court, in State in the Interest of C.D. , cautioned that "an appellate court should ordinarily not assume the role of the fact-finder to weigh the respective credibilities of the witnesses and thereby second guess the credibility determinations of the trier of fact beyond ... sufficiency evaluations under the Jackson standard of review. 2011-1701, p.6 (La. 7/2/12), 93 So.3d 1272, 1276 (internal quotations, alterations, and citations omitted). For the aforementioned reasons, we find no merit in H.J.'s first assignment of error.
Assignment of Error Number Two
In its appellate brief, defense counsel argued that the juvenile court erred in denying H.J.'s motion to dismiss for failure to timely sentence defendant. On November 10, 2016, the juvenile court denied the motion to dismiss petition for failure to timely prosecute. Thereafter, defense counsel sought appellate review of the juvenile court's denial of its motion. This Court found no abuse of the juvenile court's discretion and denied defense counsel's writ. In its appellate brief, defense counsel re-urges the same argument asserted in his writ. Similar to State in the Interest of A.S. , this Court notes that H.J.'s "prior writ application concerned the very issue he raises on appeal [and] points to no new information or evidence in support of his current argument." 2013-0144, p. 2 (La. App. 4 Cir. 7/24/13), 156 So.3d 96, 97. This Court, in State v. Duncan , outlined *592 the application of the law-of-the-case doctrine:
Under the law-of-the-case doctrine, courts of appeal generally refuse to reconsider their own rulings
of law on a subsequent appeal in the same case. Pitre v. Louisiana Tech University, 95-1466, p. 7 (La. 5/10/96), 673 So.2d 585, 589. This court has stated that an appellate court will not reverse its pretrial determinations unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result. State v. Gillet, 99-2474, p. 5 (La. App. 4 Cir. 5/10/00), 763 So.2d 725, 728. The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. State v. Molineux, 2011-0275, p. 3 (La. App. 4 Cir. 10/19/11), 76 So.3d 617, 619.
2011-0563, p. 26 (La. App. 4 Cir. 5/2/12), 91 So.3d 504, 521.
Here, the law-of-the-case doctrine is applicable; and this Court's writ denial will not be disturbed because defense counsel failed to present any new information or evidence. As such, we find no merit in defense counsel's second assignment of error.
Assignment of Error Number Three
In its appellate brief, defense counsel argued that the juvenile court erred in failing to advise H.J. of the two (2) year prescriptive period for filing an application for post-conviction relief. In addition to defense counsel raising this issue as an assignment of error, this Court, in its review of the record for errors patent, finds merit to this issue. There is no evidence in the record that the juvenile court advised H.J. of the two (2) year prescriptive period for filing an application for post-conviction relief as mandated by La. C.Cr.P. art. 930.8. We remand this matter to the juvenile court and instruct the juvenile court to advise H.J. in writing of the two (2) year prescriptive period for filing an application for post-conviction relief pursuant to La. C.Cr.P. art. 930.8. We further order the juvenile court to file proof of this notice in the record. State in Interest of C.P. , 2012-192, (La. App. 3 Cir. 6/6/12), 91 So.3d 1273 ; State ex rel. T.S. , 2004-1111 (La. App. 5 Cir. 3/1/05), 900 So.2d 77.
DECREE
For the aforementioned reasons, we affirm the juvenile court's adjudication of delinquency and remand with instructions.
AFFIRMED AND REMANDED WITH INSTRUCTIONS

Defense counsel erroneously captioned the pleading as a motion to dismiss for failure to timely sentence; however, the substance of the motion relates to the adjudication of H.J.