752 P.2d 34

**STATE of Arizona, Appellee,**

v.

**Gary Gene GARCIA, Appellant.**

**No. 1 CA–CR 10917.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 31, 1987.

Review Denied April 19, 1988.

**382**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div., Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

CORCORAN, Judge.

Appellant Gary Gene Garcia (defendant) appeals from his conviction for failure to register as a sex offender, a class 6 felony, in violation of A.R.S. §§ 13-3821, -701, -702, -801 and -604, with one prior felony conviction for sexual abuse.

Counsel for defendant has filed a brief complying with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), requesting this court to search the record for fundamental error pursuant to A.R.S. § 13-4035. Defendant was then granted additional time to file a supplemental brief raising any additional points. He filed a brief and this court ordered the state to file an answering brief.

Defendant was originally charged with failure to register as a sex offender, with two prior felony convictions. Defendant entered into a written plea agreement to plead guilty to that charge with *one* prior felony conviction for sexual abuse. The state agreed to drop the allegation of a second prior conviction. The agreement also provided that defendant would be sen-

tenced to the presumptive sentence of 2.25 years in prison.

Before accepting defendant's guilty plea, the trial court addressed defendant personally and determined that the plea was knowing, voluntary, intelligent, and had a factual basis. The trial court then accepted the plea. Defendant was sentenced to 2.5 years' imprisonment.[1] Because we reverse on another ground, we do not address the discrepancy between the aggravated sentence of 2.5 years and the plea agreement stipulation that defendant would be sentenced to the presumptive term of 2.25 years.

In appellant's opening brief, defendant's counsel advises this court that a search of the appeal record found no arguable question of law. However, defendant filed a supplemental brief in which he contends that he had no actual knowledge that he was required to register as a sex offender. Before a person may be penalized for a mere failure to act—here, to register as a sex offender—due process requires that the person have knowledge of the law:

> [A]ctual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction ... can stand. As [Oliver Wendell] Holmes wrote in The Common Law [1881], "A law which punished conduct which would not be blameworthy in the average member of the community would be too severe for that community to bear." *Id.* at 50.

*Lambert v. California*, 355 U.S. 225, 229, 78 S.Ct. 240, 243, 2 L.Ed.2d 228, 232 (1957). Where the duty to act arises only from a statute, the accused's knowledge of the statutory duty must be established. *Lambert; see also State v. Harmon*, 25 Ariz. App. 137, 139, 541 P.2d 600, 602 (1975). *Lambert* concerned the criminal intent that is necessary before a state may convict an individual. In *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356

---

1. Pursuant to the plea agreement, this sentence is concurrent to an aggravated term of 6 years' imprisonment which we have affirmed in a memorandum decision. *State v. Garcia*, 1 CA-CR 10926 (filed Sept. 15, 1987).

(1971), the court discussed *Lambert,* stating that *Lambert* dealt with:

> a municipal code [which] made it a crime to remain in Los Angeles for more than five days without registering if a person had been convicted of a felony. Being in Los Angeles is not *per se* blameworthy. The mere failure to register, we held, was quite "unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed.... The fact that the ordinance was a convenient law enforcement technique did not save it."

401 U.S. at 608, 91 S.Ct. at 1118, 28 L.Ed.2d at 362. The gravamen of the *Lambert* decision is that criminal punishment should not be inflicted upon those who are unaware. Thus, one element of the crime of failure to register as a sex offender under A.R.S. § 13–3821 is a defendant's awareness of the statutory duty to register.

▪ To find a factual basis for a guilty plea, the trial court must determine that facts exist to support every element of the crime. *State v. Johnson,* 142 Ariz. 223, 689 P.2d 166 (1984). The trial court may consider the extended record in determining that all elements of the crime are factually based. *State v. Ybarra,* 149 Ariz. 118, 716 P.2d 1055 (App.1986).

▪ Here, we find nothing in defendant's statements at the change of plea hearing or in the extended record that satisfies the requirements of *Lambert* by showing that defendant was aware of his statutory duty to register.

The record reflects that defendant *did* register as a sex offender in 1979 in the Maricopa County Sheriff's Office and the Mesa Police Department as a condition of his parole from another state. However, defendant was subsequently convicted of the crime of sexual abuse in Arizona and was released from prison in 1982. Following his release he left Arizona for some time and then returned in 1986. The record does not indicate that defendant knew he was required to register as a sex offender based on his previous experience in Arizona. At sentencing defendant's counsel said:

> [Y]our honor, [with regard to the] failure to register statute, at the time that the defendant left prison in 1982, the present statute was not in effect. The present statute to register I don't believe took effect until 1983. *The defendant was unaware that he needed to reregister* by having his fingerprints and photograph taken ... in 1979 the defendant has indicated that he did sign a three by five card, but according to the statute that came into effect in 1983, that wasn't sufficient in order to register under the new statute. That's why I say that in 1983 the defendant was unaware that he needed to come in again and be fingerprinted and photographed.

(Emphasis added).

Although defendant pleaded guilty to failing to register as a sex offender, he maintained that he was unaware that A.R.S. § 13–3821 required him to register. The presentence investigation report says:

> The defendant stated that it had been part of his parole agreement when he left Colorado to register with the Maricopa County Sheriff's Office and the Mesa Police Department as a sex offender. He claims that he did sign a card at both of these places, registering as such. He noted that at that time, they did not use computers and they must have thrown his registration into the trash. He stated, "In 1979 they didn't photograph or fingerprint you, so what can I do?"

The transcript of the change of plea demonstrates that the trial court judge failed to determine that defendant was aware of A.R.S. § 13–3821, which requires persons convicted of sex offenses to register with the sheriff of the county in which they reside.

The state requests that we remand to the trial court for an evidentiary hearing on defendant's knowledge of the registration requirement. This is not, however, a case where the voluntariness of defendant's plea can be established by an evidentiary hearing to determine if he was aware of the rights he was waiving. *Cf.* Rule 17.2, Arizona Rules of Criminal Procedure; *State v. Darling,* 109 Ariz. 148, 506 P.2d

1042 (1973). Furthermore, because the record and defendant's brief already establish that defendant was unaware that he needed to reregister, an evidentiary hearing on that issue would serve no purpose. Here, the status of the record at the time sentence was imposed determines that the plea was not supported on the record by an adequate factual basis. *See State v. Foster,* 109 Ariz. 14, 504 P.2d 48 (1972); *State v. Kuhlman,* 15 Ariz.App. 359, 488 P.2d 996 (1971). Where, as here, the factual basis for a plea of guilty is insufficient, the conviction must be reversed and the cause remanded with reinstatement of the original charges. *See, e.g., State v. Wallace,* 151 Ariz. 363, 728 P.2d 232 (1986), *cert. denied,* — U.S. —, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987); *State v. Carr,* 112 Ariz. 453, 543 P.2d 441 (1976).

We reverse this conviction because the record does not demonstrate that defendant had actual knowledge of the need to reregister as a sex offender or proof of the probability that he had knowledge of the requirement and thereafter failed to do so.

SHELLEY, P.J., and CONTRERAS, J., concur.