808 P.2d 348

STATE of Arizona, Appellee,

v.

Reginald Forrest MORGAN, Appellant.

No. 1 CA–CR 89–586.

Court of Appeals of Arizona, Division 1, Department E.

March 26, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals

Section, and Barbara M. McLaughlin, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

We examine in this case whether the crime of "knowing" failure to return rental property requires proof that the accused knew his omission was a crime, or merely proof that the accused knew he had omitted to return property that he was obligated to return.

### History

Defendant was tried and found guilty of failure to return rental equipment, a class 6 felony, in violation of Ariz.Rev.Stat.Ann. § 13–1806 (1989). Defendant had rented a welder generator from A to Z Rentals; under the terms of the rental contract, the generator was due to be returned the next day. Defendant testified at trial that he had rented the generator so that a friend could do body work on defendant's car. After renting the generator, defendant left town. He claims to have assumed that the friend would return the equipment. However, the equipment was never returned, and defendant did not concern himself about the matter further.

At trial, the state requested a jury instruction on knowledge of the law. Over defendant's objection, the jury was instructed: "It is no defense that a person did not know that his or her act was unlawful or that he or she believed it to be lawful." On appeal, defendant asserts that the instruction erroneously relieved the state of its burden of proving that defen-

dant knowingly failed to return the property. We disagree and affirm the trial court's judgment.

### Discussion

The statute in question makes criminal the failure to return rented property when a "person *knowingly* fails [to do so] without good cause...." Ariz.Rev.Stat.Ann. § 13–1806(A) (1989) (emphasis added).[1] According to defendant, the statute requires proof that he knew his omission was unlawful.

Defendant's argument is directly refuted by Ariz.Rev.Stat.Ann. § 13–105(6)(b) (1989), which provides that the use of the term "knowingly" in defining a criminal offense "does not require any knowledge of the unlawfulness of the act or omission."[2] *See also* Ariz.Rev.Stat.Ann. § 13–204(B) (1989) ("Ignorance or mistake as to a matter of law does not relieve a person of criminal responsibility.").

Defendant, however, analogizes his case to *State v. Garcia*, 156 Ariz. 381, 752 P.2d 34 (App.1988). There this court vacated a defendant's guilty plea to the charge of failure to register as a sex offender. The court found no factual basis for the plea, as the defendant was unaware that he was required to register. The court stated, "[w]here the duty to act arises only from a statute, the accused's knowledge of the statutory duty must be established." *Id.* at 382, 752 P.2d at 35.

The *Garcia* opinion was based in part on *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). The defendant in *Lambert* was convicted of failing to register as a felon as required by the Los Angeles Municipal Code. The Supreme Court reversed, holding that the defendant could not be convicted under the ordinance

---

**1.** Ariz.Rev.Stat.Ann. § 13–1806(A) (1989) provides:

A person commits unlawful failure to return rented property if, without notice to and permission of the lessor of property, such person knowingly fails without cause to return such property within seventy-two hours after the time provided for such return in the rental agreement.

**2.** Ariz.Rev.Stat.Ann. § 13–105(6)(b) (1989) provides:

"Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

unless the state proved that the defendant knew of the duty to register. The court stated, "we deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed." *Id.* at 228, 78 S.Ct. at 243.

In this case, unlike *Garcia* and *Lambert*, the duty to act did not "arise only from a statute." Defendant's obligation to return A to Z's property arose from the rental relationship itself. Moreover, here, to paraphrase *Lambert*, the circumstances should have "alerted the doer to the consequences of his deed." Defendant does not claim that he was unaware of his duty to return the rented property. The very nature of the rental transaction, which included a specified time and date of return, advised the renter that return of the property was required. The rental agreement provided that the "due back date" for the rented equipment was "4/10/1988 at 2:00."

We conclude accordingly that in this case, because the duty did not arise only from statute, the state was not required to prove "knowledge of the unlawfulness of the ... omission." *See* Ariz.Rev.Stat.Ann. § 13–105(6)(b). It sufficed for the state to prove, as the state did prove, that defendant failed to return the property, knowing he was obligated to its owner to do so.

We have reviewed the record for other, fundamental error pursuant to Ariz.Rev. Stat.Ann. § 13–4035 (1989) and have found none.

Affirmed.

VOSS, P.J., and EHRLICH, J., concur.