928 P.2d 711

**STATE of Arizona, Appellee,**

v.

**Orin Jo CHAPIN, Appellant.**

**No. 1 CA–CR 95–0112.**

Court of Appeals of Arizona, Division 1, Department C.

July 18, 1996.

Review Denied Nov. 19, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

FIDEL, Presiding Judge.

We hold in this criminal appeal that a person cannot be convicted of failure to return rented property unless the State proves that the lessor of the property has complied with the notice requirements of Arizona Revised Statutes Annotated ("A.R.S.") § 13–1806(B).

### I.

Following an automobile accident, Defendant was provided a rental car from Budget Rent–A–Car by the other driver's insurer. The rental period, extended by the insurer, eventually ended on December 20, 1994. A claims analyst for the insurer informed Defendant on December 14 that the insurer would pay for the car for only "a few extra days." During January 1995, Budget wrote Defendant asking him to return the vehicle or extend the rental agreement. Defendant did neither. When a Mesa police detective came to Defendant's home on February 24, 1995, Defendant acknowledged receipt of Budget's letters. Asked why he had not returned the car, Defendant responded, "I don't know."

Defendant was tried by jury for failure to return rented property, a class six felony, and found guilty as charged. From that judgment and a probationary sentence, Defendant appeals.

### II.

A.R.S. § 13–1806 provides in pertinent part:

A. A person commits unlawful failure to return rented property if, without notice to and permission of the lessor of property, such person knowingly fails without good cause to return such property within sev-enty-two hours after the time provided for such return in the rental agreement.

B. If the property is not leased on a periodic tenancy basis, the lessor shall include within the rental agreement, in bold print, clear written notice to the lessee of the date and time on which return of the property is required and of the maximum penalties to which the lessee shall be subject upon failure to return the property within seventy-two hours of that date and time. . . .

Budget did not provide the "bold print, clear written" penalty notice required by subsection (B). Instead, as may be seen at the lower left corner of the Appendix to this opinion, Budget printed its notice in typeface of ordinary intensity and minuscule size. Defendant, arguing that the lessor's satisfaction of the notice requirement of subsection (B) was an unestablished element of the crime, moved for dismissal of the indictment and for directed verdict. The trial court denied both motions. We conclude that the trial court erred.

The State acknowledges that Budget did not meet the notice requirements of subsection (B). Relying, however, on *State v. Morgan*, 167 Ariz. 463, 808 P.2d 348 (App.1991), the State argues that compliance with subsection (B) was not a predicate to prosecution. The State reads more into *Morgan* than is there.

In *Morgan*, we were not asked to consider whether the lessor had provided adequate written notice to support the prosecution. We were asked rather to define the statutory culpable mental state. We rejected the assertion that the prosecution was required to prove that the lessee knew his failure to return rented property was unlawful; it sufficed, we held, "to prove . . . that defendant failed to return the property, knowing he was obligated to its owner to do so." *Id.* at 465, 808 P.2d at 350.

We reasoned in *Morgan* from A.R.S. § 13–105(6)(b), which establishes as a general rule that use of the term "knowingly" in defining a criminal offense "does not require any knowledge of the unlawfulness of the act or

omission." *Id.* at 464, 808 P.2d at 349. We acknowledged, as an exception to the rule, that "[w]here the duty to act arises only from a statute, the accused's knowledge of the statutory duty must be established." *Id.* (quoting *State v. Garcia,* 156 Ariz. 381, 382, 752 P.2d 34, 35 (App.1987)). We held, however, that prosecutions for failure to return rented property are governed by the general rule, not the exception, because the duty to return rented property does not arise from the statute alone but from the rental relationship itself. *Id.* at 465, 808 P.2d at 350.

In this case, we do not consider the Defendant's culpable mental state; instead, we consider the effect of a lessor's noncompliance with subsection (B). That question, not presented in *Morgan,* is of first impression here.

■ The purpose of statutory interpretation is to effectuate legislative intent. *Special Fund Div. v. Industrial Comm'n,* 184 Ariz. 363, 365, 909 P.2d 430, 432 (App.1995). When we interpret a statute, we must give meaning to every part. *Aesthetic Property Maintenance, Inc. v. Capitol Indem. Corp.,* 183 Ariz. 74, 78, 900 P.2d 1210, 1214 (1995). In this spirit, we examine subsection (B) within the context of the statute where it is found.

■ The statute that penalizes failure to return rented property, A.R.S. § 13–1806, relieves the State of an element that would otherwise be required to establish theft. *State v. Mussiah,* 141 Ariz. 212, 214, 685 P.2d 1364, 1366 (App.1984). To prove theft under A.R.S. § 13–1802, the State must prove that the accused knowingly controlled property with the intent to deprive. To prove failure to return rented property under A.R.S. § 13–1806, the State need not prove intent to deprive; it need only prove knowing failure to return property within seventy-two hours after it is due.

Having relieved the State of proving one element, however, the legislature added another. Section 13–1806, like other criminal statutes, was enacted to prevent, as well as punish, crime. But in § 13–1806, unlike most other criminal statutes, the legislature added a section designed to enhance the statute's preventive force. This is the clear purpose of the requirement in subsection (B) that lessors conspicuously publish to lessees, in their rental agreements, the prospect of criminal penalties for failure to return property when it is due.

But the requirements of subsection (B) are not duplicated in any civil statute regulating the leasing practices of lessors. *See* A.R.S. §§ 44–6801 *et seq.* (Trade and Commerce chapter regulating "Rental–Purchase Agreements") and §§ 47–2A101 *et seq.* (Uniform Commercial Code chapter 2a regulating "Leases"). Nor does subsection (B) impose a penalty upon noncompliant lessors or establish any enforcement process to bring noncompliant lessors into compliance. Subsection (B) stands alone in a statute that criminalizes behavior of the lessee. Therefore, unless it establishes an element of the lessee's crime, subsection (B) lacks force or meaning altogether.

We will not interpret § 13–1806 in a manner that nullifies one part. We therefore hold that subsection (B) establishes a mandatory term that must be present in the rental contract before a defendant can be convicted of violating A.R.S. § 13–1806. We believe our holding is consistent with that in *Morgan.* Here, we hold that the State must prove that the lessor provided the conspicuous written notice that our legislature has required to enhance the deterrent chance that lessees will recognize that failure to return rental property is a crime. There, we held that the State need not cross the further hurdle of proving that the lessee actually read the notice or otherwise knew that failure to return rental property is a crime.

The State acknowledged in the trial court and acknowledges on appeal that the lessor did not satisfy the notice requirement of A.R.S. § 13–1806(B). Because the State failed to prove an element of the offense, we reverse the conviction and vacate the sentence.

LANKFORD and SULT, JJ., concur.

## APPENDIX

**Budget** rent a car of Arizona    **SEARS** CAR & TRUCK RENTAL

P.O. BOX 20368, PHOENIX, ARIZONA 85036
PHOENIX (602) 267-4000 1-800-289-4001 YUMA (602) 344-1822
AN INDEPENDENT BUDGET SYSTEM LICENSEE

RK # 340678

RPIN, ORIN    Renter    D.L. Expiration 02/15/96

NE    Additional Driver    D.L. Expiration

E: MESA 2    Return Location 11/30/93 Due Date

Payment

: AMERICAN F PO: PLUS TAX AD: MICHELE
: DB CL: 181101778200 DAYS: 14 @ 0018

Current Date 11/24/93

Vehicle Number/Owning Location 3KC1303

Vehicle License Number/State KEC974 AZ

Model/Payload/SPACE Number SHADOW NOW

Confirmation Number 032411019S

CORP ID/Rate Code 9051 4W

UNL/D    Mileage Allowance

Rental Agreement Number/Rental Location 301676 MS2

Date/Time In

Date/Time Out 11/24 16:28M

Mileage In

FUEL 8    Mileage Out 21986M

Miles Driven

### NOTICE TO RENTER: LOSS DAMAGE WAIVER (LDW)

Loss Damage Waiver is declined, Renter is responsible for the full value (or lesser amount indicated) of loss of or any damage to Vehicle, including loss or damage due to collision, vandalism and theft, and loss of use and related expenses, regardless of RENTER'S RESPONSIBILITY (if other than full value):

Loss Damage Waiver (LDW) — CEPTS AT 8.95/DAY

Persona Accident Insurance (PAI) — DECLINED

Personal Effects Coverage (PEC) — CLINED

Fuel Purchase Option (FPO) — DECLINED

enter initials to ACCEPT/DECLINE optional services as shown above.
E DAILY RATE IS CALCULATED ON A LENDAR DAY BASIS*

'L MUST REMAIN IN USA

e undersigned hereby acknowledge receipt of the Rental Agreement Terms and nditions, form number AZ-TC-01 (rev 01/93), which together with this Rental eement form and applicable addendums shall constitute the Agreement for rental.

ONLY Renter and Authorized Drivers may operate Vehicle

Signature of Additional Driver

Signature of Renter

| | | |
|---|---|---|
| HOURLY | 12.00 | |
| DAILY | 18.00 | |
| L.D.W. | 8.95/DAY | |
| REFUELING | 2.49/GAL | |
| VL TAX @ | 5.0% | |
| TAX @ | 6.5% | |
| COUNTY SURCHARGE | | 2.50 |
| LESS DEPOSITS | | -100.00 |
| TOTAL | | -100.00 |

DRAWER # 03

Prepared By 4275    Computed By    ALL CHARGES SUBJECT TO FINAL AUDIT

u shall be in violation of ARS 13-1806 if this vehicle is not returned within 72 hours of the due date and time specified herein and/or be subject to imprisonment in the state prison for up to 19 years and a fine of up to $150,000.00

S. Shelby    892316