DANIEL L. DYSART, Judge.
| iDefendant Mark Molineux pleaded guilty to a charge of attempted failure to register as a sex offender pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He now appeals his conviction. For the following reasons, we affirm.
STATEMENT OF CASE:
On April 5, 2010, the defendant was charged with failing to register as a sex offender in violation of La. R.S. 15:542. The bill of information indicated that the defendant had previously been convicted in Florida for committing lewd and lascivious acts on a child under the age of sixteen. After a preliminary hearing, the trial court found probable cause. The defendant subsequently filed a motion to quash the bill of information, which the trial court denied on September 24, 2010. This Court upheld the trial court’s ruling, and the Louisiana Supreme Court denied writs.
The State amended the bill of information to charge the defendant with the attempted failure to register as a sex offender, and the defendant entered a guilty plea to the amended charge, reserving his rights under Alford[1] and Crosby[2]. The defendant waived delays, and the trial court sentenced him to serve thirty months |9at hard labor without the benefit of parole and with credit for time served. The defendant appealed.

STATEMENT OF FACT:

Because the defendant pled guilty, there is no statement of facts. The only testimony received was at the preliminary hearing at which Detective Raymond Hughes testified how he came to learn that the defendant had previously been convicted of a sex crime in Florida and that the defendant had been in Louisiana and had not registered with the Sex Offender Registry.

ERRORS PATENT:

A review of the record for patent errors reveals none.

DISCUSSION:

In his sole assignment of error, the defendant contends that the trial court erred when it denied his motion to quash the bill of information. The defendant makes several arguments in support of his motion to quash. The defendant contends that the statute is not applicable to him because his conviction occurred prior to the effective date of the statute. He also argues that if the statute is read to include him but not those convicted of in-state violations prior to 1992, then the application would violate his rights to equal protection and due process under both the Louisiana and United States Constitutions. The defendant further suggests that the statute has no mechanism to alert new residents with out of state convictions of their registration obligations, which said failure violates his rights under the Louisiana and United States Constitutions.
The defendant raised these same issues in his writ application filed with this Court, seeking review of the trial court’s denial of the motion to quash. This Court denied the writ application, stating “We find no *619 error in the judgment of the trial |acourt, which denied the defendant’s motion to quash.” State v. Molineux, unpub., 2010-1408 (La.App. 4 Cir. 10/6/10), unit denied, 2010-2490 (La.11/10/10), 49 So.3d 874.
The State contends that because this Court already considered these issues and found no error in the trial court’s decision, the law of the case doctrine should apply to preclude any further consideration of the defendant’s arguments.
Under the law of the case doctrine, appellate courts have held they have discretion to not reconsider a previously-decided issue unless they find the previous decision is based on palpable error or that manifest injustice would occur. Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, 589; Zatarain v. WDSU Television, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181.
The “law of the case” doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. See Brumfield v. Dyson, 418 So.2d 21 (La.App. 1 Cir.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the “law of the case” doctrine is to avoid relitigation of the same issue; to promote consistency of the result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971).
As noted in State v. Gillet, 99-2474, p. 5 (La.App. 4 Cir. 5/10/00), 763 So.2d 725, 728-29:
This Court has stated that “an appellate court will not reverse its 14pretrial determinations ... unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result.”
In his writ application the defendant raised the issues of whether Louisiana’s Sex Offender Registration Act, La. R.S. 15:540, et seq., applied to persons who were neither convicted of a sex offense on or after June 18, 1992, nor were in the custody of the Louisiana Department of Public Safety and Corrections on or after June 18, 1992, and if Louisiana’s Sex Offender Registration Act is read to require persons with out-of-state convictions prior to 1992 to register but not to require persons with in-state convictions prior to 1992 to register, whether the statute violates the Equal Protection Clauses of the Louisiana and United States Constitutions.
Under the law of the case doctrine, the defendant would have to show that the writ decision was patently erroneous. As defendant’s arguments are exactly the same on appellate review, he has not shown that the determination of these issues was patently erroneous and produced an unjust result. State v. Humphrey, 412 So.2d 507, 523 (La.1981)(cm reh’g granted); State v. Scoggins, 2010-0869 (La.App. 4 Cir. 6/17/11), 70 So.3d 145.
The only issue not raised in the writ application, but raised in the motion to quash, is the issue of whether the statute has no mechanism to alert new residents with out of state convictions of their registration obligations, which said alleged failure violates the defendant’s due process rights under the Louisiana and United States Constitutions. Accordingly, this issue will be discussed.[3]
*620 | sLa. R.S. 15:542, which provides for the registration of sex offenders and child predators, states:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section;
B. (1) The persons listed in Subsection A of this Section shall register in person with the sheriff of the parish of the person’s residence, or residences, if there is more than one, and with the chief of police if the address of any of the person’s residences is located in an incorporated area which has a police department. If the offender resides in a parish with a population in excess of four hundred fifty thousand, he shall register in person with the police department of his municipality of residence.
(2) The offender shall also register in person with the sheriff of the parish or parishes where the offender is an employee and with the sheriff of the parish or parishes where the offender attends school. If the offender is employed or attends school in a parish with a population in excess of four hundred fifty thousand, then he shall register with the police department of the municipality where he is employed or attends school. The offender shall also register in the parish of conviction for the initial registration only. No registration in the parish of conviction is necessary if the offender is incarcerated at the time of conviction or immediately taken into custody by law enforcement after the conviction.
The defendant argues that the statute violates his due process rights under both the United States and Louisiana Constitutions because he did not have knowledge that he had an obligation to register under the statute. The defendant relies upon the United States Supreme Court’s decision in Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), in support of his argument. In Lambert, the Court found that the registration provisions for a felon registration ordinance violated a person’s due process rights when it was applied to a person who had no actual knowledge of the duty to register. Several state courts have relied upon Lambert in finding that before an offender may be held criminally liable for failing |fito register, the state must prove that he was aware of a registration requirement. See State v. Giorgetti, 868 So.2d 512 (Fla.2004).
In Giorgetti, the defendant had been convicted of indecent assault. After serving his two year sentence, the defendant was on probation for seven years. When his probation terminated, the defendant moved to a new address. Sometime after his probation had ended, he came into contact with a police officer who was looking for another person on an unrelated matter. The officer asked the defendant for identification and ran the defendant’s *621 name through a mobile computer system. The system identified the defendant as a sexual offender. Noting that the defendant’s address in the system and the address on his identification were not the same, the officer arrested the defendant for failing to report his change of address. The defendant pled not guilty on the basis that he was not aware of the registration requirements. The court found that Lambert was controlling and held that knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply were necessary before a conviction could be sustained.
Similarly, in State v. Garcia, 156 Ariz. 381, 752 P.2d 34 (Ariz.App., 1987), the defendant argued that he had no actual knowledge that he was required to register as a sex offender. Relying upon Lambert, the court found that due process requires that a person have knowledge of the obligation to register as a sex offender before the person can be penalized for failing to register. The court found that there was nothing in the record to show that the defendant was aware of his statutory duty to register.
The State counters the defendant’s arguments citing United States v. Whaley, 577 F.3d 254 (5th Cir.2009), which is more similar to the present case. In Whaley, |7the defendant contended that his conviction for failing to register as a sex offender violated the Due Process Clause because he never received notice that he was required to register under the federal sex offender registry law, the Sex Offender Registration and Notification Act (SOR-NA). The court noted that the defendant was notified of his obligation to register as a sex offender under state law but was not directly notified of the requirement to register under the federal statute because the defendant was released from prison before SORNA was enacted. The court concluded that despite the failure for direct notification to register under the federal statute, the notification that defendant was obligated to register under the state statute was sufficient to satisfy the Due Process Clause.
In general, ignorance of the law is not a defense to criminal prosecution. See, e.g., Ratzlaf v. United States, 510 U.S. 135, 149, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994); see also Bryan v. United States, 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (“[T]he term ‘knowingly’ merely requires proof of knowledge of the facts that constitute the offense.”). However, the Supreme Court has recognized an exception to this principle. When a law requires someone to undertake an affirmative act to avoid criminal punishment, some knowledge or notice of the law is required. See Lambert v. California, 355 U.S. 225, 229, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). At issue in Lambert was a municipal law requiring anyone who had been convicted of a felony to register with the police if he or she stayed in Los Angeles for five days or more. Id. at 226, 78 S.Ct. 240. “Violation of [the statute’s] provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking.” Id. at 229, 78 S.Ct. 240. The Court held that the law violated due process. Id. at 229-30, 78 S.Ct. 240.
Whaley relies on Lambert. Unlike the defendant in Lambert, however, Whaley was aware that he was required to register his address with the government. Lambert relied on the passive nature of the crime combined with the lack of “circumstances which might move one to inquire as to the necessity of registration.” Lambert, 355 U.S. at *622 229, 78 S.Ct. 240. In this case, Whaley was certainly aware that he was required to register under Kansas law, which mandated that he notify the sheriffs department if he moved out of state and that he register in the new state. At his conviction in 1999, Whaley signed an offender registration form attached to a Notice To Offenders. This notice included the statement “I understand that if I change my residence to another state, I must inform the law enforcement agency where last registered of my change of residence and must register in the new Instate within ten (10) days.” Upon release from prison in 2003, Whaley signed an updated, longer Notice to Offenders, which included the following: “I understand that if I change my residence to another state, I must inform the law enforcement agency where last registered and the Kansas Bureau of Investigation of my change of residence and must register in the new state within ten (10) days.” We agree with the other circuits to have addressed this issue that notice of a duty to register under state law is sufficient to satisfy the Due Process Clause. See [U.S. v.] Gould, 568 F.3d [459] at 468-69 [ (4th Cir.2007), cert. denied, Gould v. U.S., — U.S. —, 130 S.Ct. 1686, 176 L.Ed.2d 186 (2010)]; [U.S. v.] Dixon, 551 F.3d [578] at 584 [(7th Cir.2008), reversed and remanded on other grounds, Carr v. U.S., — U.S. —, 130 S.Ct. 2229, 176 L.Ed.2d 1152 (2010) ]; United States v. Hinckley, 550 F.3d 926, 938 (10th Cir.2008), cert. denied, — U.S.—, 129 S.Ct. 2383, 173 L.Ed.2d 1301 (2009); United States v. May, 535 F.3d 912, 921 (8th Cir.2008), cert. denied, — U.S. —, 129 S.Ct. 2431, 174 L.Ed.2d 229 (2009).
Whaley, 577 F.3d at 261-262.
Other federal courts have likewise limited the application of Lambert in cases dealing with violations of the federal sexual offender registration statute where the defendants had notice of the obligation to register under state law. In U.S. v. Gould, 568 F.3d 459(4th Cir.2009), cert. denied, Gould v. U.S., — U.S.—, 130 S.Ct. 1686, 176 L.Ed.2d 186 (2010), the defendant argued that he could not have “knowingly” failed to register in accordance with SORNA because he was not specifically instructed of SORNA’s requirements and that the prosecution without notification of his duty to register violated his rights under the Due Process Clause. The court in Gould found that the defendant’s conviction did not violate his due process rights because he knew that he was required to register under state law.
Gould argues further that even in the absence of actual notice of criminal liability, due process requires that a statute not criminalize “wholly passive conduct.” Like the defendant in Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), Gould claims that he is being prosecuted for wholly passive conduct — ie., his failure to register. In Lambert, when considering a city ordinance that required all felons to register, the Supreme Court noted that “circumstances which might move [a felon] to inquire as to the necessity of registration are completely lacking” with respect to such a law. Id. at 229, 78 S.Ct. 240.
19 Unlike an isolated city ordinance that requires all members of the broad class of all felons to register, however, SORNA criminalizes the failure to register of a much more narrowly targeted class of persons in a context where sex-offender registration has been the law for years and Gould knew that. When SORNA was enacted, every State had registration requirements for sex offend *623 ers. Moreover, as we pointed out, Gould registered in West Virginia and Pennsylvania, was convicted in West Virginia for failing to update his registration, and was notified by letter in Pennsylvania of his continuing duties to register and update his registration. In addition, he stipulated in this case that he knowingly failed to register in Maryland. These circumstances do not allow for the conclusion that Gould’s due process rights, based on lack of notice, were violated. See United States v. May, 535 F.3d 912, 921 (8th Cir.2008) (holding that notice of the duty to register under state law provides notice of the duty to register under SORNA); Hinckley, 550 F.3d at 938 (same); see also Gould, 526 F.Supp.2d at 544 n. 8 (collecting cases).
Gould, 568 F.3d at 468-469.
Likewise, in U.S. v. Hinckley, 550 F.3d 926 (10th Cir.2008), cert. denied, — U.S. —, 129 S.Ct. 2383, 173 L.Ed.2d 1301 (2009), the Court concluded that notice of a defendant’s obligations under state law was sufficient to satisfy the Due Process Clause’s requirements. In U.S. v. May, 535 F.3d 912 (8th Cir.2008), cert. denied, — U.S. —, 129 S.Ct. 2431, 174 L.Ed.2d 229 (2009), the defendant argued that the application of SORNA violated his due process rights because he was not aware of the obligation to register under that statute. The appellate court found that the trial court had correctly distinguished Lambert from the defendant’s case because the defendant admitted in a plea agreement that he knew, under state laws, that he had an obligation to register and keep his registration current when moving between jurisdictions. The court held that the defendant’s due process rights were not violated.
In the present case, the defendant was previously convicted of lewd and lascivious acts on a child under the age of sixteen in the State of Florida in 1990. After serving his sentence, the defendant moved to New York in 1996. On | inOctober 24, 2008, the Florida Department of Law Enforcement sent defendant correspondence indicating that although the defendant was no longer required to register as a sex offender in Florida, the defendant may be required to register as a sexual offender if he establishes residency in another state or jurisdiction. In fact, the defendant registered as a sexual offender in New York in March 1996. The notice of registration filed in New York stated that the defendant was required to annually verify his address and notify the State of New York’s Division of Criminal Justice Services in writing of any change of address. The defendant filed a change of address form in 1997. This form stated that “[i]f you move to another state, you may be required to register as a sex offender within 10 days of establishing residence. You must also register in any state in which you are employed or are a student.” The defendant failed to file a yearly update for 2009.
Thus, the defendant had notice that he may have to register as a sexual offender when he moved to Louisiana in 2008. Similar to the defendants in Whaley, Gould, May, and Hinckley, who knew that they had to register under state law, the defendant in the present case knew about the possible requirements for registering under a state’s sexual offender registry law. The defendant had registered in New York and was informed by the states of New York and Florida that if he moved, he may be required to register in the state in which he established residency. Accordingly, the defendant was sufficiently on notice of the need to register, and his due process rights have not been violated.
This assignment of error is without merit.
*624 ^CONCLUSION:
Accordingly, for the reasons assigned above, we affirm the defendant’s conviction and sentence.
AFFIRMED

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. State v. Crosby, 338 So.2d 584 (La. 1976).

. The defendant also argued in his appellate brief that the statute violates his right to trav *620 el. This issue was not raised or discussed in the motion to quash and thus, it will not be considered on appeal.