NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

TIMOTHY JOHN CARSLAKE, *Appellant*.

No. 1 CA-CR 23-0383

FILED 09-12-2024

---

Appeal from the Superior Court in Mohave County
No. S8015CR202201327
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Zachary Law Group, PLC, Phoenix
By Jessica Zachary
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1 Timothy Carslake appeals his convictions for failure to comply with sex offender registration requirements as a transient, in violation of A.R.S. § 13-3822(A), and failure to comply with the sex offender identification requirement, in violation of A.R.S. § 13-3821(J). This Court affirms for the reasons below.

**FACTS AND PROCEDURAL HISTORY**

¶2 In November 2022, Carslake was arrested in Arizona on a warrant issued in California for a parole violation. While awaiting processing at the police station, Carslake acknowledged to the arresting officer that he failed to register as a sex offender as required by a prior Colorado conviction. He claimed the requirement was unfair and he would not comply with it. Further investigation showed that Carslake was living as a transient and working in Arizona. The State subsequently charged him with one count of failure to register as a transient sex offender and one count of failure to obtain identification as mandated by sex offender registration laws. *See* A.R.S. §§ 13-3822(A), 13-3821(J), and 13-3824. Carslake pled not guilty to both charges.

¶3 At trial, the State introduced evidence to prove Carslake's prior conviction in Colorado required him to register as a sex offender. The State also introduced evidence that he failed both to register and carry proper sex offender identification as Arizona requires. Carslake did not object to the introduction of this evidence.

¶4 After the court provided jury instructions, which included a limiting instruction as to Carslake's prior convictions, the jury found Carslake guilty on both counts. Carslake timely appealed. This Court has jurisdiction under Ariz. R. Crim. P. 31 and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5** On appeal, Carslake argues the trial court erred by allowing testimony and exhibits regarding his warrants, parole, absconder, and fugitive status at the time of his arrest. He also contends the court erred by failing to conduct bench conferences on the record.

**¶6** Because Carslake did not object to these alleged errors in the superior court, he must show fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). To prevail under fundamental error review, a defendant must show: (1) the superior court erred, and (2) the error was fundamental—meaning "the error went to the foundation of the case, . . . took from the defendant a right essential to his defense, or . . . was so egregious that he could not possibly have received a fair trial." *Id.* at 142, ¶ 21 (emphasis omitted). If the error went to the foundation of the case or took away an essential right to the defendant's defense, the defendant must also show prejudice; if he shows the error was so egregious that he could not possibly have received a fair trial, prejudice is presumed. *Id.*

**¶7** "Establishing prejudice from fundamental error varies depending on the nature of the error and the unique case facts." *Id.* at 144, ¶ 29. Prejudice is determined under an objective standard, requiring a defendant to show that "without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *Id.* at ¶ 31. In reviewing whether a defendant has made the requisite showing, a reviewing court "should examine the entire record, including the parties' theories and arguments as well as the trial evidence." *State v. Murray*, 250 Ariz. 543, 552, ¶ 30 (2021) (internal quotations omitted). Also pertinent to this inquiry is "the amount of error-free evidence" in support of the guilty verdict. *State v. Fierro*, 254 Ariz. 35, 41–42, ¶ 21 (2022) (internal quotations omitted).

### A. Although the State's failure to provide notice is error, it does not constitute fundamental error because Carslake showed no prejudice.

**¶8** Carslake contends that because the State did not give him proper notice under Arizona Rule of Evidence ("Rule") 404(b)(3) the court improperly admitted evidence of his criminal history. But Carslake argues only that the admitted evidence was highly prejudicial and unnecessary given that the State had already argued a motive in this case. He does not establish prejudice.

1. <u>The State failed to provide notice.</u>

**¶9** Because the notice requirement serves as a condition precedent to admissibility of Rule 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement was not met. The State conceded that proper notice under Rule 404(b)(3) was not provided regarding the other act evidence. This failure was error, but as noted above, the analysis does not stop there.

**¶10** Prejudice may exist "if the evidence has an undue tendency to suggest decision on an improper basis, such as emotion, sympathy, or horror." *State v. Mott*, 187 Ariz. 536, 545 (1997). The prejudicial impact must substantially outweigh its probative value, and "because the trial court is in the best position to balance the probative value of the challenged evidence against its potential for unfair prejudice, it has broad discretion to make that determination." *State v. Salamanca*, 233 Ariz. 292, 296, ¶ 17 (App. 2013) (cleaned up).

**¶11** Here, Carslake filed a motion *in limine* five days before trial, which demonstrates he knew that the State might present evidence of his prior convictions at trial. The court heard oral argument on his motion, including Carslake's concession that the information relating to his convictions had probative value. Thus, he had the opportunity to be heard on the issue. The court denied Carslake's motion after finding that the evidence was relevant. *See State v. Collins*, 111 Ariz. 303, 305 (1974) ("[E]vidence of another offense which tends to prove a motive for the present offense is admissible."); *see also* Ariz. R. Evid. 404(b); *State v. Andriano*, 215 Ariz. 497, 503, ¶ 26 (2007) (evidence of defendant's extra-marital affairs was admissible under Rule 404(b) to prove motive). But additional evidence presented at trial negates any possibility of prejudice. Carslake himself admitted he was required to register, and the State used his knowledge of that requirement to demonstrate his motive for absconding and his reasons for moving around. Carslake failed to show how the denial of the motion *in limine* was fundamental error.

2. <u>The evidence regarding Carslake's active warrants and absconder status was not prejudicial.</u>

**¶12** Carslake also argues that the introduction of his active warrant for a parole violation and evidence of his absconder status created unfair prejudice that outweighed their probative value. Because Carslake did not object to this evidence during trial, this Court reviews for fundamental error. *Escalante*, 245 Ariz. at 140, ¶ 12.

¶13 Rule 404(b)(1) prohibits the admission of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." The rule provides exceptions which allow admission of this evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(2). Once a proper purpose is established, other act evidence "must also be relevant under Rule 402; the probative value of the evidence must not be substantially outweighed by the potential unfair prejudice under Rule 403; and the court must give an appropriate limiting instruction if requested under Rule 105." *State v. Hulsey*, 243 Ariz. 367, 381–82, ¶ 45 (App. 2018) (internal quotations omitted). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ariz. R. Evid. 403.

¶14 Carslake argues that the warrant and absconder status evidence was not relevant because he did not dispute many of the elements of both charged offenses. But it was. The State has the burden to show it proved the elements of the charged offenses; if it did not provide that evidence, Carslake could have argued the State failed to meet its burden of proof. *See State v. Clark*, 249 Ariz. 528, 533, ¶ 16 (App. 2020) ("Both the Arizona and United States Constitutions guarantee every criminal defendant the right to have a jury find him guilty of all the elements of the crime with which he is charged and the state must prove each element of the offense, beyond a reasonable doubt." (cleaned up)). The State needed to demonstrate that Carslake had knowledge of his registration requirement. *See State v. Garcia*, 156 Ariz. 381, 384 (App. 1987) (knowledge required for conviction of failing to register). Here, Carslake's California parole violation for failing to register and his absconder status show he knew he had to register and was trying to avoid doing so. The evidence was relevant.

¶15 Carslake argues that the evidence was unfairly prejudicial and not relevant. Specifically, he challenges the evidence that he allegedly cut off his ankle monitoring device, absconded from parole and failed to register in California. However, the probative value of the evidence was high because it contradicted much of Carslake's story and provided a motive for him to avoid registering. Additionally, the State asked the court to provide limiting instructions in accordance with Rule 105, which the court did. The evidence of Carslake's guilt was immense, which included a recording of Carslake saying that he knew he had a duty to register, he did not register and he refused to register. As noted above, while the evidence

was harmful to Carslake's case, it was not unfairly prejudicial, and the court has discretion in weighing the probative value over the prejudicial impact. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998).

**¶16**    Regardless, evidence of Carslake's California convictions could have been admitted for impeachment because Carslake testified at trial. *See* Ariz. R. Evid. 609. Carslake maintained that the Colorado convictions, which required the California conviction, were "fictitious" and were all dismissed, a fact that the State refuted. Therefore, the evidence could have been presented to the jury for impeachment purposes under Rule 609. Carslake has failed to establish prejudice.

**B.    The off-the-record bench conferences did not deprive Carslake's right to a meaningful appeal.**

**¶17**    Carslake argues that several off-the-record bench conferences during trial deprived him of a meaningful right to appeal due to an incomplete record. Carslake claims this constitutes fundamental error, as it impinges on his right to a complete trial record under Article 2, Section 24, of the Arizona Constitution. Carslake has not specified any particular prejudice from the lack of recording or transcription, only that he was prejudiced by it.

**¶18**    Because Carslake did not object to the off-the-record bench conferences at trial, this Court reviews for fundamental error only. *See State v. Hamilton*, 177 Ariz. 403, 409 (App. 1993). "[A]bsent a timely objection or some demonstrable prejudice, the failure to make a contemporaneous record of a bench conference does not constitute fundamental error." *State v. Scott*, 187 Ariz. 474, 476 (App. 1996). Even if a trial record is incomplete, this Court must assume that it supports the judgment unless there is "'at least a credible and unmet allegation of reversible error.'" *Id.* (quoting *State v. Schackart,* 175 Ariz. 494, 499 (1993)) (emphasis omitted).

**¶19**    The transcripts provide essential context to the subject of the off-the-record conferences. Four of the five bench conferences Carslake now challenges involved issues not raised in this appeal. The first bench conference, initiated by the court, stemmed from the introduction of photographs of Carslake's vehicles and the residence where they were parked. The second and third bench conferences involved the introduction of evidence contained on a court database and whether a document offered for evidence was authentic. The fourth bench conference occurred when the State offered the release questionnaire on which Carslake had indicated he was homeless. Carslake objected to admission of the questionnaire and

asked for a bench conference. The final bench conference occurred after the jury was polled and before the court gave the jury release instructions.

**¶20** The only potentially substantive issue arose in the fourth bench conference regarding admission of the release questionnaire. As context, the State was questioning Carslake about his residence and asked him questions about the release questionnaire but failed to offer it into evidence. After Carslake's counsel conducted redirect, the State offered the questionnaire into evidence. Carslake's counsel objected and asked for a bench conference. Once trial resumed on the record, the court overruled Carslake's objection and admitted the evidence. Carslake did not ask the court to elaborate on the record or summarize the bench conference. In *State v. Paxton*, 186 Ariz. 580 (App. 1996), this Court held that although off-the-record bench conferences are generally disapproved, absent a timely objection or some demonstrable prejudice, the failure to make a contemporaneous record of a bench conference does not constitute fundamental error. 186 Ariz. at 589. As noted above, Carslake has the burden to show he was prejudiced by these off-the-record conferences, and he has failed to do so. *See State v. Johnson*, 247 Ariz. 166, 185, ¶ 41 (2019).

## CONCLUSION

**¶21** For the following reasons, Carslake's convictions are affirmed.

